Mary Elizabeth Carpenter v. Commissioner.
Carpenter v. Commissioner
Docket No. 29704.
United States Tax Court
1951 Tax Ct. Memo LEXIS 28; 10 T.C.M. (CCH) 1130; T.C.M. (RIA) 51367; November 30, 1951
*28 Aubrey E. Robinson, Jr., Esq., for the petitioner. William M. Fay, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the income tax of the petitioner for the year 1948 in the amount of $100. The sole question is whether the petitioner is entitled to a dependency credit of $600 for a minor son. Findings of Fact Petitioner, a resident of the District of Columbia, filed her income tax return for the year 1948 with the collector of internal revenue at Baltimore, Maryland. Petitioner is divorced from her former husband, Henry E. Carpenter. The custody of their minor children was awarded to her by a Consent Decree, dated February 3, 1944, and the court ordered her husband to pay to her the sum of fifty dollars per month for their maintenance. The two minor children were Richard Carpenter and Mildred Carpenter Gray, who were fourteen and nineteen years old respectively in 1948. The petitioner's daughter, Mildred Carpenter Gray, was married in October 1947 and did not live in the petitioner's home at any time during the year 1948. During that year, she lived with her husband, Harold S. Gray, at 1147 *29 Neal Place, N.E., Washington, D.C. He was employed by the Navy Department as a chauffeur. During the entire year 1948, the petitioner, her oldest son Horace Carpenter, and her son Richard lived at the home of petitioner at 1503 B Street, N.E., Washington, D.C. William Carpenter, another son of petitioner, lived with her in the early part of 1948, but left in February or March of that year when he got married. The petitioner's former husband, pursuant to the Consent Decree, paid to the petitioner, during the year 1948, $25 seminonthly, or a total of $600. The petitioner paid $15 of the $50 received each month to her daughter Mildred. In the income tax return filed by petitioner for the year 1948, she reported an adjusted gross income of $2,519.18 and a tax liability of $176. This liability was computed on the basis that she was entitled to two exemptions, one for herself and another for her son, Richard. The respondent disallowed the exemption claimed for Richard. In a statement filed with the Internal Revenue Bureau, petitioner claimed that she expended $1,053.92 during the year 1948 for the support of Richard, computed as follows: Payments on house, interest, taxes (1/3
of total)
$ 101.00
Fuel for house (1/3 of total)
25.00
Phone (1/3 of total)
20.72
Electricity and gas (1/3 of total)
26.00
Food (1/3 of total)
400.00
(Estimated cost of 1/3 of household ex-
penses, as 3 persons live there)
572.72
Clothing
120.00
School supplies
5.00
Cleaning and laundry
15.00
Car tickets (Travel to school)
13.00
Recreation (Shows, swimming, etc.)
52.00
Insurance
5.20
Hospitalization
7.00
Haircuts
8.00
Dentist
61.00
X-Rays
12.00
Vitamins
6.00
Doctors and medicine
45.00
Camp
21.00
Bicycle
50.00
Magazines
3.00
School lunches
48.00
Miscellaneous
10.00
TOTAL
$1,053.92
*30 Petitioner was employed during the year 1948 and received $2,513.43 as compensation for services rendered. She was buying the home in which she lived and made payments of $25.25 per month to a building and loan association. Petitioner's former husband, Henry E. Carpenter, paid to the petitioner during the year 1948 the sum of $420 for the support of Richard Carpenter. More than one-half of the amounts expended for the support of Richard was not furnished by the petitioner during the year 1948. Opinion RAUM, Judge: The petitioner has not sustained her burden of proving that she furnished more than one-half of the support of her son Richard during the taxable year. The evidence submitted by her consisted largely of unsupported statements that she expended the amounts listed in the statement filed by her with the Internal Revenue Bureau. Her testimony was not entirely convincing, and, after hearing all the evidence, we are satisfied that at least some of the amounts were inflated. Moreover, even assuming that her estimate of the cost of food and maintaining her home during the year were accurate, her allocation of one-third of the entire cost to Richard appears to be excessive *31 in view of her testimony that she and three other members of her family lived in her home for at least two or three months in the early part of 1948. Her allocation of $101 of payments of $303 made on her house to Richard also appears to be excessive in view of her admission that a portion of each monthly payment was applied to reduce the amount owed on the purchase price. Our best estimate is that the amount expended by petitioner for the support of Richard during the year 1948 did not exceed $800. Inasmuch as her former husband furnished $420 of this amount, our conclusion is that she did not furnish more than one-half of Richard's support and is not entitled to the exemption provided by Section 25 (b) (1) (D) and (3) of the Internal Revenue Code. Decision will be entered for the respondent.